354 P.2d 568

**Marilyn K. MANNING, Plaintiff and Appellant,**

v.

**WESTERN AIRLINES, a corporation, and Connecticut General Life Insurance Company, a corporation, Defendants and Respondents.**

No. 9109.

Supreme Court of Utah.

Aug. 2, 1960.

Nielsen & Conder, Salt Lake City, for appellant.

Fabian & Clendenin, Kent Shearer, Albert J. Colton, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from the dismissal of plaintiff's complaint. Affirmed with costs to defendants.

Plaintiff's husband went to work for Western in May, 1957. He became a beneficiary under a company-sponsored, tri-feature employee payroll-deduction insurance plan, including a life insurance feature. Next month, on June 4th, he sent a memo to the personnel director who processed the insurance, saying "I wish to drop the life insurance part of my policy, if pos-

sible." The policy said that if an employee cancelled his authorization for pay-roll deduction the "insurance shall cease at the end of the period for which the last deduction was made."

It is conceded that 1) Western did not make any payroll deduction after June, and 2) the premium thereafter for the coverage and deduction therefor was $1.80 less than before, the standard premium for the life feature. On August 6, 1957, Manning was killed in the course of his employment.

There were offers of proof at the trial, looking to the possibility that the deceased may have thought a cancellation of the life feature had not materialized, based on different printed schedules he received, together with the further possibility that he may not have received a supplement to one of them,—all of which would have been hearsay and the fountainhead for the most speculative of conclusions, which the jury correctly would not have the prerogative of indulging.

The argument that the wording of Manning's memo was precatory was answered by Western's prompt compliance in cancelling the payroll deduction authorization. Western did precisely what the deceased requested and dispelled any question about the words "if possible" by making possibility a fait accompli.

We think the trial court, under the pleadings, the clear complied-with language of the request, and the offers of proof based on conjecture, correctly kept the case from the jury, since no reasonable conclusion could have been arrived at under the language of the memo and the cooperation of Western in carrying out the request, incompatible with nonliability under the terms of the policy. Cancellation here, after receipt of the memo, and under the provisions of the policy, was unilateral and became complete when the request was respected by expunging the payroll deduction authorization from the record.

This is a typical payroll deduction group type of insurance sponsored by employers, where the contract primarily is between insurer and employer for the benefit of the latter's employees.[1] Under the policy here, Western does its employees' bidding both as to application for and termination of coverage upon request. Western was amenable to and complied to the letter with Manning's expressed wish by following the terms of the policy in cancelling the payroll deduction authorization.

CROCKETT, C. J., and WADE, McDONOUGH, and CALLISTER, JJ., concur.

---

1. 29A Am.Jur. 833, Sec. 1378, Insurance.